■ SULLIVAN COUNTY PAVING & CONSTRUCTION, INC., Appellant, v COUNTY OF ORANGE et al., Respondents. [7 NYS3d 388]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an or-

der of the Supreme Court, Orange County (Marx, J.), dated June 7, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against the defendant County of Orange, and denied that branch of its cross motion which was for summary judgment on that cause of action insofar as asserted against the defendant County of Orange.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was the successful bidder on a project for the defendant County of Orange involving the repaving of roads in the County, and, on April 1, 2010, the plaintiff and the County entered into a contract for the project. The contract provided that a "Notice to Bidders" and "General Specifications," both dated November 16, 2009, were "made a part hereof as fully as if the same were repeated at length herein." The notice to bidders provided, inter alia, that at least 5% of the work on the project was to be performed by Disadvantaged Business Enterprise (hereinafter DBE) subcontractors. The general specifications provided that work was required to "be in conformance with the New York State Department of Transportation Standard Specifications for Construction and Materials, dated May 1, 2008," which provided that the New York State Department of Transportation (hereinafter THE NYSDOT) "will decide whether the efforts the Bidder made to obtain [Disadvantaged/Minority/Women's Business Enterprise (D/M/WBE)] participation were 'good faith efforts' to meet the goal[s]." Further, the contract entitled the County to "make an equitable deduction from the Contract price for any . . . work not done in accordance with the Specifications."

The plaintiff completed work on the project, but was unable to satisfy the 5% DBE requirement. In a letter dated July 22, 2011, the NYSDOT advised the County that it would be reducing federal financing for the project by the sum of $114,806.25, as a result of its determination that the plaintiff failed to "carry out its DBE commitments in good faith." To compensate for this reduction, the County decided to "backcharge" the plaintiff in the sum of $114,806.25.

The plaintiff commenced this action to recover damages for breach of contract against, among others, the County. The defendants moved for summary judgment dismissing the amended complaint. The plaintiff cross-moved, inter alia, for summary judgment on the amended complaint. In an order dated June 7, 2013, the Supreme Court, among other things, granted that branch of the defendants' motion which was for

summary judgment dismissing the second cause of action, which was to recover the sum of $114,806.25, insofar as asserted against the County, and denied that branch of the plaintiff's cross motion which was for summary judgment on that cause of action insofar as asserted against the County. The plaintiff appeals from those portions of the order. We affirm the order insofar as appealed from.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action insofar as asserted against the County (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). The evidence submitted in support of the defendants' motion demonstrated that the contract required at least 5% of the work on the project to be performed by DBE subcontractors, and that the NYSDOT's determination that the plaintiff failed to "carry out its DBE commitments in good faith," entitled the County to make a deduction from the contract price. In opposition to the County's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against the County and denied that branch of the plaintiff's cross motion which was for summary judgment on that cause of action insofar as asserted against the County. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.